## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE:

**Any and all funds or other assets in Brown Brothers Harriman & Co. Account #8870792 in the name of Tiger Eye Investments Ltd.;**

**Any and all funds or other assets in any and all Accounts held at UBS AG and UBS Securities LLC, Stamford, CT, by or containing any interest held by or controlled by Daniel Valente Dantas and/or Veronica Valente Dantas, Opportunity Group, Opportunity Fund, Opportunity Unique Fund, including but not limited to Account #WA359025 and WA628069 in the name of Opportunity Fund.**

**Civil Action No.  08-mc-0807**

## ORDER

Before the Court is the government's motion for a stay pending appeal.  On March 9, 2009, the Court denied the government's application for a 10-day temporary restraining order against the above-captioned accounts.  The Court also dissolved -- effective at 1:00 p.m. today -- three restraining orders the Court had previously entered against these accounts.  The government has not appealed the Court's orders with regard to the accounts at UBS AG and UBS Securities, LLC, but it has appealed with regard to the Brown Brothers Harriman account, known as the Tiger Eye Account.  The government only seeks to stay dissolution of the three restraining orders as to the Tiger Eye Account.

The standard for granting a motion for a stay pending appeal is well-established.  See United States v. Philip Morris, Inc., 314 F.3d 612, 617 (D.C. Cir. 2003) (citing Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977)).  Although the standard requires a showing that the party has "a substantial likelihood of success

on the merits," <u>see</u> <u>id.</u>, courts have held that a party may satisfy that requirement by raising a

"serious legal question," <u>see</u> <u>Holiday Tours</u>, 559 F.2d at 844.  In this case, this Court appears to

be the first court to interpret 28 U.S.C. § 2467(d)(3).  The proper interpretation of that statute is a

"fair ground for litigation," <u>see</u> <u>id.</u>, and hence the first requirement is satisfied.  The standard has

three other requirements as well:  a showing of "irreparable injury" if the stay is denied; that the

"stay will not cause substantial harm to other parties"; and that the "public interest will be served

by the issuance of the stay."  <u>Philip Morris</u>, 314 F.3d at 617.

Here, the government has made a showing as to each of the requirements:  absent a stay,

the $400 million in the Tiger Eye Account will be moved beyond the jurisdiction of U.S. courts;

Tiger Eye Investments, Ltd., in whose name the account is held, has not opposed the restraining

order, evidencing a lack of "substantial harm"; and there is a significant public interest in

complying with international treaty obligations.  The Court does not have the benefit of an

opposition from Tiger Eye Investments, although the government represents that it has provided

Tiger Eye Investments and its beneficiaries with notice of this action.  Given the government's

showing as to the four requirements for a stay pending appeal, and the entire record herein, the

Court is persuaded that the standard for granting a stay pending appeal is satisfied.

Yet the Court is not persuaded that the government's showing warrants a stay of

dissolution that could last several additional months.  The restraining orders at issue have been in

place for 69 days.  Moreover, because those orders were issued pursuant to 18 U.S.C. §

983(j)(1)(A) -- which grants courts authority to issue restraining orders "upon the filing of a civil

forfeiture complaint" -- and because the government has acknowledged that it has not filed, nor

does not intend to file, a "civil forfeiture complaint," this Court has twice concluded that those

-2-

restraining orders were not properly entered in the first place.  <u>See</u> March 9, 2009 Mem. Op. at 6-7.  Indeed, even a longer-term restraining order issued pursuant to § 983(j)(1)(B) expires after 90 days unless the government makes a showing that there is good cause to extend it.  <u>See</u> § 983(j)(2).

 Accordingly, it is hereby **ORDERED** that the government's motion for a stay pending appeal is **GRANTED**.  It is **ORDERED** that dissolution of the three restraining orders previously entered by this Court on December 30, 2008 and January 15, 2009 is stayed pending appeal as to the Brown Brothers Harriman & Co. Account #8870792 in the name of Tiger Eye Investments, Ltd., and a restraining order shall remain in effect as to that account, but only until March 31, 2009 -- at which point the restraining orders will have been in place for 90 days -- unless the government makes a showing that there is good cause to extend the restraining orders further.

 **SO ORDERED**.

_____/s/_____
JOHN D. BATES
UNITED STATES DISTRICT COURT

Date: March 10, 2009